MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IRVING ISMAEL BELMARES-ANCHONDO,<br>LITZY OSTOS-IRIGOYAN,<br><br>Defendants. | CASE NO. 1:19-CR-0041-DAD-BAM<br><br>STIPULATION TO CONTINUE AND ORDER |

This case is set for a hearing on April 27, 2020, which the parties stipulate to continue to June 22, 2020, for the reasons set forth below. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION                                                                 1

and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, IRVING ISMAEL BELMARES-ANCHONDO,, by and through his counsel, and LITZY OSTOS-IRIGOYAN, by and through her counsel hereby agree and stipulate to continue the hearing in this matter, which is currently set for April 27, 2020, until June 22, 2020.  In support thereof, the parties stipulate that:

1. The Defendant, Irving Ismael Belmares-Anchondo,, is detained at the Fresno County jail.

The government has provided additional discovery and a plea agreement to the defendant. The defendant is continuing to review the discovery and the plea agreement.

2. In advance of the last hearing, the government provided counsel for defendant Ostos-Irigoyan a translation of her statement from the date of the arrest.  Defendant Ostos-Irigoyan, counsel is continuing to review the discovery and translation and needs additional time to do so.  Defendant Ostos-Irigoyan and the Government are in communication regarding resolution.

3. As a consequence, the parties agree that agree that a continuance until June 22, 2020, at 1:00pm is warranted.  The parties expect that during that period the defense counsel for Belmares-Anchondo will have the opportunity to visit the jail with an interpreter to discuss the proposed plea agreement and discovery.  Counsel for Defendant Ostos-Irigoyan will have time to confer with the defendant regarding the discovery and potential trial dates.

4. The parties stipulate that the period of time from April 27, 2020, through June 22, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  April 22, 2020                                MCGREGOR W. SCOTT
                                                      United States Attorney


                                             By:   /s/ THOMAS NEWMAN
                                                      THOMAS NEWMAN
                                                      Assistant United States Attorney


Dated: April 22, 2020                              /s/ Reed Grantham
                                                      Attorney for Defendant
                                                      Irving Ismael Belmares-Anchondo,


                                                      /s/ Roger Bonakdar
                                                      Attorney for Defendant
                                                      Litzy Ostos-Irigoyan


**ORDER**

IT IS ORDERED that the status hearing set for April 27, 2020, is continued until June 22, 2020, at 1:00 pm before Magistrate Judge Barbara A. McAuliffe.

IT IS FURTHER ORDERED THAT the period of time from April 27, 2020, through June 22, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 23, 2020**                       /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE

STIPULATION                                    4