MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00041-DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE; AND ORDER |
| v. | |
| LITZY OSTOS-IRIGOYAN, | |
| Defendants. | |

This case is set for a hearing on August 24, 2020, which the parties stipulate to continue to November 23, 2020, for the reasons set forth below. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, LITZY OSTOS-IRIGOYAN, by and through her counsel hereby agree and stipulate to continue the hearing in this matter, which is currently set for August 24, 2020, until November 23, 2020. In support thereof, the parties stipulate that:

1. The Defendant, Ostos-Irigoyan, is out of custody and released on conditions set by the court.

1. The government has provided additional discovery and a plea agreement to the defendant.
2. In advance of a prior hearing, the government provided counsel for defendant Ostos-Irigoyan a translation of her statement from the date of the arrest. Defendant Ostos-Irigoyan, counsel is continuing to review the discovery and translation and needs additional time to do so. Defendant Ostos-Irigoyan and the Government are in communication regarding a resolution.
3. As a consequence, the parties agree that agree that a continuance until November 23, 2020, at 1:00pm is warranted. Counsel for Defendant Ostos-Irigoyan will have time to confer with the defendant regarding the discovery and potential trial dates.
4. The parties stipulate that the period of time from August 24, 2020, through November 23, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

1  Dated: August 18, 2020                          MCGREGOR W. SCOTT
                                                   United States Attorney
2

3                                            By:   /s/ THOMAS NEWMAN
                                                   THOMAS NEWMAN
4                                                  Assistant United States Attorney

5

6  Dated: August 18, 2020

                                                   /s/ Roger Bonakdar
7                                                  Attorney for Defendant
                                                   Litzy Ostos-Irigoyan
8

STIPULATION                               4

**O R D E R**

IT IS ORDERED that the status hearing set for August 24, 2020, at 1 pm is continued until **November 23, 2020, at 1:00 PM before Magistrate Judge Barbara A. McAuliffe.**

IT IS FURTHER ORDERED THAT the period of time from August 24, 2020, through November 23, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 19, 2020**             /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

STIPULATION

5